IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT DARNELL BEAL,<br>aka "OSO,"<br><br>Defendant. | Case No. 18-cr-00070-DKW-KJM-12<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER** |

On December 5, 2020, Defendant Robert Darnell Beal asked this Court to reconsider its decision affirming the magistrate judge's order detaining Beal pending trial. Because Beal fails to present new information that has a material bearing on the Court's November 2019 affirmance, his motion for reconsideration is DENIED.

## RELEVANT BACKGROUND

On July 2, 2019, a grand jury returned a superseding indictment charging Beal for his alleged role in a drug distribution conspiracy. Dkt. No. 4. After Beal's arrest in September 2019, *see* Dkt. No. 73, the Government moved to detain Beal pending trial, Dkt. No. 92. On October 21, 2019, the assigned magistrate judge held a detention hearing pursuant to 18 U.S.C. Section 3142(f), after which he granted the Government's detention motion. Dkt. Nos. 105, 109. Beal

appealed that decision to this Court.  Dkt. No. 110.  After a November 4, 2019

hearing, this Court affirmed.  Dkt. No. 115.

On December 5, 2020, Beal filed a motion asking for reconsideration of his

detention.  Dkt. No. 269.  The Government responded on December 14, 2020,

opposing Beal's motion.  Dkt. No. 281.  This order follows.

## LEGAL STANDARD

A detention hearing "may be reopened . . . if the judicial officer finds that

information exists that was not known to the movant at the time of the hearing and

that has a material bearing on the issue whether there are conditions of release that

will reasonably assure the appearance of such person as required and the safety of

any other person and the community."  18 U.S.C. § 3142(f).  Additionally, "[t]he

judicial officer may, by subsequent order, permit temporary release of the person,

in the custody of a U.S. marshal or another appropriate person, to the extent that

the judicial officer determines such release to be necessary for preparation of the

person's defense or for another compelling reason."  18 U.S.C. § 3142(i).[1]

---

[1]Beal also invokes 18 U.S.C. Section 3145(b), which allows a defendant to bring a "motion for revocation or amendment of" any detention order made by a magistrate judge (or other official) and not by a court of original jurisdiction or appellate court.  But that section is inapplicable. Beal's original appeal was brought under Section 3145(b).  Dkt. No. 110 at 1.  Because the Court affirmed the magistrate judge's detention order, Dkt. No. 115, Beal is detained by decision of this Court (*i.e.*, the court of original jurisdiction), rendering Section 3145(b) inapplicable.

## DISCUSSION

Beal argues that the following new information materially bears on the Court's decision to detain him pending trial: (1) the risk of contracting COVID-19 while detained; (2) the delay in court proceedings caused by the pandemic; (3) the risk that the apprehension of two at-large defendants could further delay trial; (4) the fact that several other defendants in the case have been released on bail pending trial; and (5) Beal's alleged minor role in the conspiracy.  Dkt. No. 269-1 at 4–8.  The Government argues none of this information bears on the relevant factors concerning Beal's risk of flight or risk to community safety, and to the extent that it does, none of it is new.  For the reasons set forth below, the Court agrees with the Government, and the motion is DENIED.

In deciding whether to detain a defendant pending trial, the Court considers whether any conditions of release would "reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." *See* 18 U.S.C. 3142(e).  Where the Court finds no condition or combination of conditions can reasonably assure these two goals are met, the Court "shall order the detention" of the defendant pending trial.  *Id.*  Factors relevant to the Court's detention determination include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and character of the defendant, including criminal and substance abuse history and

3

record of appearing in court, as required; and (4) the nature and seriousness of the danger the defendant poses to any person or the community.  18 U.S.C. § 3142(g).  Notably, there is also a rebuttable presumption that no conditions of release can assure the defendant's appearance and community safety where there is probable cause to believe the defendant committed a covered drug crime and faces a maximum prison term of ten or more years.  18 U.S.C. § 3142(e)(3)(A).

The Court does not take lightly the risk of an inmate contracting COVID-19, and the restrictions within detention facilities to impede the spread of the virus.  However, "[n]o matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial release under the Bail Reform Act just because of the current pandemic's generic risks."  *United States v. Villegas*, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) (citation omitted).  As detailed above, the law requires this Court to make its pretrial detention determination based on the risk that Beal will fail to appear for Court appearances and the risk he poses to community safety.  *See* 18 U.S.C. § 3142(e).  The general risk of contracting COVID-19 while detained is not among the factors bearing on those determinations.[2]

---

[2]Even if the Court considered such potential health risks to Beal, as of December 15, 2020, the Bureau of Prisons reported that just 2 inmates and 1 staff member at Beal's facility were testing positive for the virus.  *See COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Dec. 15, 2020).  While, of course, there is still some risk, these numbers are far from compelling.  Moreover, the precise nature of the risk to

Similarly, the length of time a defendant might be detained prior to trial is not among the factors the Court considers in determining whether a defendant is at risk of failing to appear or poses a risk to community safety. *See* 18 U.S.C. §§ 3142(e), 3142(g). Thus, Beal's arguments that COVID-19 has delayed court proceedings and the possibility that the apprehension of two at-large defendants may further delay trial do not affect the Court's pretrial detention determination.[3]

That other defendants in this case have been released on bail is entirely irrelevant to the Court's determination regarding Beal's pretrial detention. As the factors detailed above indicate, each detention decision is unique to the individual defendant, taking into consideration the alleged unlawful conduct of *that* defendant as well as *that* defendant's record of appearing for court and his criminal and substance abuse history.[4] That other defendants, upon review, may qualify for pretrial release is meaningless in the context of reviewing Beal's qualifications.

In short, none of the information now offered by Beal has a "material bearing on the issue whether there are conditions of release" that could reasonably

---

Beal, assuming contraction, is unclear in that Beal's motion presents no information relating to his current medical condition.

[3]To the extent duration of detention affects the Court's decision, a lengthy pretrial release exacerbates, rather than mitigates, Beal's flight risk and risk to community safety.

[4]Beal's criminal and substance abuse history, as well as his alleged minor role in the conspiracy, and the strength of the evidence relating thereto, was known to the Court when it affirmed the magistrate judge's detention order. None of this is "new" information on which reconsideration may be based.

assure Beal will appear for court and that the public is protected. The Court's

finding that there is probable cause to believe Beal committed a drug-related crime,

triggering a rebuttable presumption of detention is unchanged. Further, as the

Government points out, Dkt. No. 281 at 2, Beal has a significant criminal history,

including previous drug convictions that include the use of a firearm in furtherance

of such a crime. *See also* Dkt. No. 110 at 4 (Defendant admits to this history). He

likewise has a history of violating parole and supervised release. Dkt. No. 281 at

2; Dkt. No. 110 at 4. In his original appeal of the magistrate judge's detention

order, Beal did not contest these facts, but argued they were far enough in the past

that they should not bear on the Court's detention decision. *See* Dkt. No. 110 at 4.

The Court, nonetheless, found that history, as well as Beal's history of substance

abuse, relevant to its detention decision then and still does today. Beal has failed

to present new information to rebut the presumption that he is a flight risk and a

danger to the community.

Finally, while the Court appreciates Beal's representation that

communication between him and his counsel has been affected by FDC Honolulu's

COVID-19 response, he also represents that "that situation may now be in the

process of being abated." Dkt. No. 269-1 at 7. A further delay in trial is expected

to allow that abatement process to continue and communications with counsel to

continue to improve.  Given this information, the Court finds no reason to release

Beal for the limited purpose of preparing his defense.  *See* 18 U.S.C. § 3142(i).

## CONCLUSION

None of the information presented by Beal in his motion materially bears on

the Court's initial pretrial detention determination.  The Court agrees with the

Government that Beal "remains a flight risk and a danger to the community."  *See*

Dkt. No. 281 at 2.  For these reasons, Beal's motion, Dkt. No. 269, is DENIED.

IT IS SO ORDERED.

Dated: December 15, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*United States of America v. Robert Darnell Beal, aka "Oso"*, Criminal No. 18-
00070-DKW-KJM-12; **ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER.**