IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT DARNELL BEAL,<br><br>Defendant. | Case No. 18-cr-00070-DKW-KJM-12<br><br>**ORDER DENYING IN PART DEFENDANT'S MOTION TO COMPEL** |

Before the Court is Defendant Robert Darnell Beal's motion to compel specific categories of evidence in advance of an April 29, 2021 suppression hearing. Dkt. No. 314. The Government has already produced much of the evidence Beal seeks. *See* Dkt. No. 318 at 6–8. This order addresses one category the Government has thus far withheld: law enforcement agents' rough notes related to two interviews of Beal in 2014 and 2019. *Id.* at 9–10. Because the Government has represented that no notes from the 2014 interview by the Ohio State Police exist, the issue is moot. Because the Government has provided audio, video, and a final report of the 2019 interview by the FBI, and Beal has made no showing that the audio, video, or report are incomplete or inaccurate, Beal's motion to compel law enforcement agents' rough interview notes is DENIED.

On March 27, 2021, Beal filed a motion to suppress evidence and statements. Dkt. No. 307. Ahead of an April 29, 2021 hearing on that motion, Beal filed a motion to compel the Government to disclose evidence he believes will be relevant to that hearing. Dkt. No. 314. Beal seeks the following:

1. Statements by Government witnesses pursuant to Federal Rule of Criminal Procedure 26.2 and the Jencks Act and any *Brady* material in the Government's possession;
2. A report listing any person who surveilled Beal or took part in his seizure and interview on December 10, 2014;
3. Any video or audio recordings of Beal's surveillance, transport, and interviews;
4. Rough notes of law enforcement interviews of Beal on December 10, 2014 and September 29, 2019;
5. Chain of custody information concerning the drugs seized on December 10, 2014; and
6. Certifications and other information pertaining to the canine employed during the December 10, 2014 traffic stop of Beal.

Dkt. No. 314-1 at 2–10.

The Government has provided virtually all of the information requested, either prior to or in response to Beal's motion, and has further agreed to continue to provide Jencks and *Brady* material if/as it becomes aware of it.[1] *See* Dkt. No. 318 at 6–8; *see also* Dkt. No. 328. Where appropriate, the Government has also

---

[1] For example, at an April 13, 2021 hearing on Beal's motion to compel, Dkt. No. 328, the Government agreed to disclose any newly discovered reports prepared by FBI Special Agent Edwin Nam as a supplement to the Nam-authored material that has already been produced.

identified categories of information that do not exist, representations that Beal does not challenge.[2]

The only evidence sought by Beal that the Government has refused to disclose is agents' rough interview notes from a September 29, 2019 interview of Beal.[3] Dkt. No. 318 at 9–10. The Government argues these notes are not Jencks material and are exempt from disclosure under Rule 16(a)(2). *Id.* Beal argues that he is simply entitled to these notes under Federal Rule of Criminal Procedure 16(a)(1)(B)(ii). Dkt. No. 314 at 8.

Federal Rule of Criminal Procedure 16(a) provides in relevant part:

> **(a)** **Government's Disclosure.**
>    **(1)** **Information Subject to Disclosure.**
>       **(A)** . . . .
>       **(B)** **Defendant's Written or Recorded Statement.** Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>          (i) any relevant written or recorded statement by the defendant if:
> - the statement is within the government's possession, custody, or control; and
> - the attorney for the government knows--or through due diligence could know--that the statement exists;

---

[2] For example, the Government asserts that no audio or videotape related to Defendant is available from the Ohio State Police.

[3] Beal seeks agent notes from Beal's December 10, 2014 interview by the Ohio State Police. Dkt. No. 314 at 8. However, given the Government's representation that these notes do not exist and that a detailed report of that interview has been provided to Beal, this issue is moot.

      (ii)    the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and

      (iii)   . . . .

  **(C)–(G)**   . . . .

**(2)**  **Information Not Subject to Disclosure.**  Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.  Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Fed. R. Crim. P. 16(a).  The Court finds that the Government, in providing a video and audio recording of the September 29, 2019 interview, together with a law enforcement final report of that interview, has met its obligation under this rule.

The Court is aware of several courts in this Circuit that have required the disclosure of rough interview notes upon a defendant's request under certain circumstances.  *See, e.g., United States v. Heine*, 314 F.R.D. 498 (D. Or. 2016); *United States v. W.R. Grace*, 401 F.Supp.2d 1087 (D. Mont. 2005).[4]  But in those

---

[4]The Court notes there is a Circuit split on this issue.  *See United States v. Wilson*, No. 4:10 CR 390 AGF/DDN, 2010 WL 4628070, at *2 (E.D. Mo. Oct. 19, 2010), *report and recommendation adopted*, No. 4:10CR00390 AGF, 2010 WL 4628644 (E.D. Mo. Nov. 8, 2010), *aff'd*, 686 F.3d 868 (8th Cir. 2012) (listing circuits holding the government need not disclose rough interview notes and explaining the "defendant is not entitled to the agent's rough notes of defendant's interview statements, because such rough notes are the agent's impressions of the statements and are not the statements themselves").

cases, it appears that no recording of the interview was made available to the defendant. In other words, the only contemporaneous record of the defendant's statements were the agents' interview notes. That is not the case here. By providing a video and audio recording of Beal's 2019 interview, and a law enforcement final report of that interview, the Government has fully disclosed Beal's statements. Beal does not argue that the video and audio recording, or report, are incomplete or in some way misrepresent or fail to fully capture his statements. Dkt. No. 314 at 8; *cf. Heine*, 314 F.R.D. at 512–13 (arguing that a governmental agency left out part of the interview in its official report). In other words, Beal has failed to demonstrate the notes would be anything other than redundant.

For the reasons stated herein, the Court DENIES Beal's motion to compel discovery of agents' rough notes related to Beal's September 29, 2019 interview.

IT IS SO ORDERED.

Dated: April 16, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*United States v. Beal*, Criminal No. 18-00070-DKW-KJM-12; **ORDER DENYING IN PART DEFENDANT'S MOTION TO COMPEL.**