IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT DARNELL BEAL,<br>aka "OSO,"<br><br>Defendant. | Case No. 18-cr-00070-DKW-KJM-12<br><br>**ORDER CLARIFYING COURT'S RULING ON DEFENDANT'S FIRST MOTION IN LIMINE** |

On May 7, 2021, Defendant Robert Beal filed his First Motion in Limine (the "motion"), which sought to exclude from introduction at trial evidence of Beal's prior arrest and conviction for a drug-related crime. After briefing and hearing argument on the motion, the Court DENIED it in open court on June 10, 2021. This order clarifies the Court's reasoning with respect to that ruling.

## RELEVANT FACTS

Beal, along with several others, is charged in this case with participating in a conspiracy, the aim of which was to possess and to possess with the intent to distribute various illegal narcotics. Dkt. No. 234 (Count 1). On December 1, 2020, the Government placed Beal on notice that it intended to introduce at trial evidence of his 2002 arrest and 2004 conviction for a drug-related crime to show "intent, plan, knowledge, and absence of mistake or accident" in this case, pursuant

1

to Federal Rule of Evidence 404(b).  Dkt. No. 265.  Beal objected to the introduction of this evidence on May 7, 2021 via the motion, Dkt. No. 354, to which the Government responded on May 11, 2021, Dkt. No. 367.  After hearing argument on the motion, the Court orally denied it on June 10, 2021.

## LEGAL STANDARD

Federal Rule of Evidence 404(b) provides, in relevant part:

(b)   Other Crimes, Wrongs, or Acts.

    (1)   Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

    (2)   Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Evidence is admissible under Rule 404(b) if it "(1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged."  *United States v. Wells*, 879 F.3d 900, 930 (9th Cir. 2018) (citing *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002)).  "Of course, the probative value of the evidence must not be 'substantially outweighed by the danger of unfair prejudice.'"  *United States v. Blitz*, 151 F.3d 1002, 1008 (9th Cir. 1998) (quoting Fed. R. Evid. 403).

## **DISCUSSION**

Beal does not dispute that the prior crime the Government seeks to introduce satisfies *Wells'* "third prong" of 404(b) admissibility. Dkt. No. 354-1 at 6. But he disputes that any of the other *Wells* elements has been met. For instance, Beal argues that the prior arrest and conviction do not tend to prove a material point at issue in this case, the events are too remote in time, and the conduct underlying the prior conviction is not "similar to the offense charged" here. *Id.* at 3–7. Further, he argues that even if the Court finds all four 404(b) admissibility criteria are met, the evidence's probative value is substantially outweighed by the unfair prejudice to Beal. *Id.* at 7–8.

It is clear that Beal's prior drug conviction, which appears to have involved the seizure of 1.46 kilograms of cocaine at Beal's then-residence in Albuquerque, New Mexico, Dkt. No. 234 at 2–3, tends to prove a material element at issue in this case. That is, whether Beal had *knowledge* of what he is alleged to have possessed in Dayton, Ohio in this case. *See United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005) ("We have consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics.") (citation and internal quotation marks omitted)).

On this point, this case bears a striking resemblance to *United States v. Mehrmanesh*, where the Ninth Circuit found it appropriate to admit evidence of the defendant's prior drug conviction because, where the defendant "denied knowing the contents of a suitcase that he possessed and had helped acquire, intent was the major issue." 689 F.2d 822, 832 (9th Cir. 1982). Here, the Government has proffered evidence—Beal's responses during a recorded FBI interview—that show Beal denying ownership or knowledge of the contents of a black backpack seized by law enforcement from an Ohio taxi in which Beal was the only passenger, a backpack later found to contain fentanyl. *See* Dkt. No. 347 at 3. Thus, intent and knowledge will likely be "the major issue[s]" for trial. To that end, Beal's prior drug conviction may be introduced for the purpose of demonstrating Beal's knowledge and intent as they pertain to the charged crime. *Vo*, 413 F.3d at 1018; *see also Mehrmanesh*, 689 F.2d 832.[1]

Because the Court is admitting the evidence in question to prove intent, the fourth 404(b) criterion must be satisfied. *See Wells*, 879 F.3d at 930 ("if admitted to prove intent," the evidence must be "similar to the offense charged"). Beal argues that his prior offense is not similar to the crime charged here. Dkt. No. 354-

---

[1] Should the Government, in fact, introduce evidence of Beal's prior drug arrest and conviction, the Court proposes use of a jury instruction that limits for which purposes the jury may consider that evidence. *See, e.g.*, 9th Cir. Mod. Jury Inst. 4.3, found at https://www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Criminal_Instructions_2021_3.pdf .

1 at 6–7. In particular, Beal points out that his prior arrest and conviction involved a different illegal narcotic (cocaine in 2002 and fentanyl here) and that his prior conviction involved only drugs in his house, and not a far-flung conspiracy in which he served as an alleged courier. *Id.* Each of these arguments largely miss the mark.

The Ninth Circuit has been explicit that the type of narcotic involved in each of the two comparator cases under Rule 404(b) consideration is hardly relevant: "[w]hen analyzing the similarity of prior drug crimes under Fed. R. Evid. 404(b), we look to the type of activity undertaken, rather than the precise identity of the drugs, as the relevant factor."). *Vo*, 413 F.3d at 1018. Likewise, the precise conduct committed by the defendant need not be identical in both instances: "when offered to prove knowledge, the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." *Id.*

As discussed above, pursuant to Beal's October 2002 arrest, 1.46 kilograms of cocaine were seized from his residence. Dkt. No. 234 at 2–3. Beal was convicted of and sentenced for that crime, and the Government intends to introduce at trial publicly-filed documents evidencing these facts. Here, Beal is alleged to have possessed and possessed with the intent to distribute a significant amount of fentanyl. That cocaine was found in Beal's home in October 2002 whereas

fentanyl was found in a black backpack in Beal's taxicab in the current case is not a material difference. Similarly, that Beal is alleged here to have been in possession of the fentanyl as part of a conspiracy is not a significant difference. In both cases, he possessed (or is alleged to have possessed) a large amount of an illegal narcotic. That is enough for the Court to find the acts were similar enough that the prior act "tend(s) to make the existence of the defendant's knowledge more probable than it would be without the evidence." *See Vo*, 413 F.3d at 1018.

Beal's argument that the prior arrest and conviction are too remote in time to bear on the current case, Dkt. No. 354-1 at 4–6, is unavailing and unsupported by Circuit precedent. Beal's conduct underlying his prior conviction occurred roughly twelve years before the underlying conduct in the present case. *See* Dkt. No. 265 (Beal was arrested on October 28, 2002); Dkt. No. 350 at 2–6 (the Court finding Beal's alleged unlawful conduct in this case occurred on or around December 10, 2014). This temporal gap does not make the prior conduct inadmissible:

> We have found that a thirteen-year-old conviction is not too remote to be admitted under Federal Rule of Evidence 404(b). The remoteness of [the defendant's] conviction does not necessarily preclude admissibility, because this court has not identified a particular number of years after which past conduct becomes too remote. Thus, if the prior act evidence in this case is sufficiently similar to the charged conduct it may render it probative despite the passage of time.

*Vo*, 413 F.3d at 1018–19. As discussed above, the Court finds that the prior act evidence "is sufficiently similar to the charged conduct." The gap in time between

6

his prior arrest and conviction and the alleged misconduct here does not change that conclusion nor does it render inadmissible that prior arrest and conviction.

Having found all four criteria for 404(b) admissibility met, the Court addresses whether the probative value of the prior act evidence is substantially outweighed by any unfair prejudice to Beal.  *See Blitz*, 151 F.3d at 1008; *see also* Fed. R. Evid. 403.  Given the fact that intent and knowledge will likely be major issues for trial, and the Court can mitigate any perceived unfair prejudice with a limiting instruction to the jury regarding how it may and may not consider the prior act evidence, the Court finds that the probative value of Beal's prior drug-related arrest and conviction is not substantially outweighed by any possible unfair prejudice to him.

## CONCLUSION

For the foregoing reasons, Beal's First Motion in Limine, Dkt. No. 354, is DENIED.

IT IS SO ORDERED.

Dated: June 11, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*United States v. Beal,* Crim. No. 18-00070-DKW-KJM-12; **ORDER CLARIFYING COURT'S RULING ON DEFENDANT'S FIRST MOTION IN LIMINE**

7