IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT DARNELL BEAL,<br>aka "OSO,"<br><br>Defendant. | Case No. 18-cr-00070-DKW-KJM-12<br><br>**ORDER DENYING DEFENDANT'S TENTH MOTION IN LIMINE** |

On June 8, 2021, Defendant Robert Beal filed his Tenth Motion in Limine (the "motion"), which seeks to exclude from introduction at trial an Ohio State Trooper's interview of Defendant Beal in December 2014. Dkt. No. 407. For the reasons below, the motion is DENIED.

Ohio State Trooper Penny Beaty conducted an interview of Beal following his arrest on December 10, 2014. Dkt. No. 350 at 5–6. An audio recording of that interview once existed but has since been lost. *See* Dkt. No. 355 at 104 (testimony by Trooper Beaty that she could not locate a copy of the recording). Based on the fact that this recording has been lost, Beal's Tenth Motion in Limine seeks to

1

exclude from introduction at trial Trooper Beaty's interview of Beal under the Best Evidence Rule.[1]  Dkt. No. 407 at 2.

The Best Evidence Rule provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."  Fed. R. Evid. 1002.  Secondary evidence of the content of the writing or recording may be admitted if:

>     (a)     all the originals are lost or destroyed, and not by the proponent acting in bad faith;
>     (b)     an original cannot be obtained by any available judicial process;
>     (c)     the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or
>     (d)     the writing, recording, or photograph is not closely related to a controlling issue.

Fed. R. Evid. 1004.

First, the Best Evidence Rule does not apply to Trooper Beaty's "oral recollection" of her interview with Beal.  *See* Dkt. No. 407 at 2.  That is because Trooper Beaty is not providing testimony concerning the missing audio recording or its contents, but, rather, information about her personal interaction with Beal.

---

[1] Although it is not entirely clear, and despite the motion specifically referring to Trooper Beaty's "oral recollection" of the interview, it may be that Beal's motion seeks to exclude not only Beaty's oral recollection, but her contemporaneously prepared interview report as well.  Since the Government's trial exhibit list, Dkt. No. 434, indicates it will not be seeking to admit Beaty's written report, the Court declines to address that issue until and unless it becomes necessary at trial.

2

Nothing about the Best Evidence Rule precludes Beaty's personal recollection, regardless of the status of the audio recording.

Assuming, *arguendo*, that the Best Evidence Rule does apply, the Court agrees with the Government, *see* Dkt. No. 427, that Trooper Beaty's testimony concerning her interview with Beal is nonetheless admissible because "all original [recordings of the interview] are lost or destroyed, and not by the proponent acting in bad faith." *See* Fed. R. Evid. 1004(a).

Because all parties agree that a recording of the December 10, 2014 interview existed and all copies have since been either lost or destroyed, *see* Dkt. Nos. 407, 427, the only issue is whether it was lost or destroyed "in bad faith." As evidence of bad faith, Beal makes just one argument: "not one but two law enforcement agencies have lost the audio recording of [Beal's] interview." Dkt. No. 407 at 3. Put simply, without more, the mere loss of certain evidence is insufficient to show bad faith. When it comes to the loss or destruction of evidence, "[t]he presence or absence of bad faith turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed, because without knowledge of the potential usefulness of the evidence, the evidence could not have been destroyed in bad faith." *United States v. Zaragoza-Moreira*, 780 F.3d 971, 977 (9th Cir. 2015).

As the Court has previously explained, *see* Dkt. No. 399, Beal has made ***no allegation or proffer whatsoever*** that the recording of his December 10, 2014 interview had any *exculpatory* value, despite ample opportunities to do so. *See* Dkt. Nos. 307 (motion to suppress), 355 (transcript from suppression hearing), 360 (first motion to dismiss), 371 (second motion to dismiss), 407 (tenth motion in limine). Nor has he made any allegation whatsoever that Trooper Beaty's report of that interview—which contains a contemporaneous and close-to verbatim account of the interview—is in any way inaccurate, incomplete, or misleading and would therefore serve as an accessible and comparable substitute, even assuming the recording had exculpatory value. *See* Dkt. No. 399 at 7–8; Dkt. No. 427 at 2 (citing *California v. Trombetta*, 467 U.S. 479, 488 (1984) (requiring a defendant to show that the lost evidence is "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means")).

//
//
//
//
//
//
//
//
//

## CONCLUSION

For the foregoing reasons, Beal's Tenth Motion in Limine, Dkt. No. 407, is DENIED.

IT IS SO ORDERED.

Dated: June 17, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*United States v. Beal,* Crim. No. 18-00070-DKW-KJM-12; **ORDER DENYING DEFENDANT'S TENTH MOTION IN LIMINE**