IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA, | Case No. 18-cr-00070-DKW-KJM-12 |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S THIRD MOTION TO DISMISS (Dkt. No. 413)** |
| vs. | |
| ROBERT DARNELL BEAL, | |
| Defendant. | |

Before the Court is Defendant Robert Beal's Third Motion to Dismiss the Third Superseding Indictment (the "Indictment"). Beal argues that because the Indictment added an additional drug, fentanyl, to Count I, it improperly broadened or substantially amended the charge against him, rendering it untimely. This argument fails because at least two of the preceding indictments that Beal does not challenge put him on notice as to the alleged transaction and evidence—*i.e.*, the suspected narcotics discovered in a black backpack in his taxi in Dayton, Ohio on December 10, 2014—for which the Government seeks to hold him accountable. That a later chemical test of the recovered narcotics found that they contained fentanyl, not cocaine, resulting in an amendment of the operative Indictment, neither broadens nor substantially amends the charges against him such that dismissal is warranted. Accordingly, Beal's Third Motion to Dismiss is DENIED.

## RELEVANT BACKGROUND

The Court has written extensively on the factual background of this case, *see, e.g.*, Dkt. No. 350 at 2–6, and will not repeat those facts here. Relevant to the present motion, on July 2, 2019, Beal, along with several others, was charged in Count I of a Superseding Indictment with:

> conspir[ing] to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers and salts of its isomers, Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B).

Dkt. No. 4.[1] A Second Superseding Indictment filed on October 9, 2019 did not disturb this charge. Dkt. No. 75. However, a Third Superseding Indictment, filed on November 18, 2020, altered Count I by adding that an additional aim of the alleged conspiracy was to possess and possess with the intent to distribute "400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl)." Dkt. No. 234.

On June 10, 2021, Beal filed his Third Motion to Dismiss Count I. Dkt. No. 413. Three days later, Beal filed a motion asking leave of Court to file the motion to dismiss that he had already filed. Dkt. No. 418. The Government responded to

---

[1] Beal was not a named defendant in the original Indictment returned on May 30, 2018.

2

Beal's Third Motion to Dismiss on June 16, 2021, to which Beal replied on June 17, 2021. Dkt. Nos. 432, 441. This order follows.

## **LEGAL STANDARDS**

### I. **Motion to Dismiss**

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). In considering a pretrial motion to dismiss an indictment, the court "must presume the truth of the allegations in the charging instruments." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996). "Although the court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the court may not invade the province of the ultimate finder of fact." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir.1993) (citations omitted).

### II. **Statute of Limitations**

"A superseding indictment returned while the first indictment is pending is timely unless it broaden[s] or substantially amend[s] the charges in the original indictment." *United States v. Sears, Roebuck & Co.*, Inc., 785 F.2d 777, 779 (9th Cir. 1986). To determine if a superseding indictment substantially broadens or amends an indictment, courts consider whether the superseding indictment (1) alleges violations of a different statute; (2) contains different elements; (3) relies on different evidence; or (4) exposes the defendant to a potentially greater

sentence. *United States v. Liu*, 731 F.3d 982, 996-97 (9th Cir. 2013) (citations omitted). "The central concern in determining whether the counts in a superseding indictment should be tolled based on similar counts included in the earlier indictment is notice. If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him." *Id.* (citations and internal quotation marks omitted).

## **DISCUSSION**

Beal argues that because the Government's addition of fentanyl to Count I impermissibly broadened or substantially amended the preceding indictment, the Third Superseding Indictment—filed more than five years after the alleged unlawful conduct—is untimely. Dkt. No. 413 at 7. This contention is based solely on a single *Liu* Factor; that is, the addition of fentanyl "relies on different evidence" than the previous versions of Count I.[2] *Id.* at 8. Because the packages of narcotics at issue (*i.e.*, those found in Beal's taxi pursuant to his arrest on

---

[2]The Court is aware that Beal impermissibly raised a new argument in a footnote in his reply. *See* Crim. LR 12.2(e) ("A reply in support of a motion must respond only to arguments raised in the opposition."). He argues that the addition of fentanyl satisfies another of the *Liu* Factors. Dkt. No. 441 at 4–5. Specifically, the amount of cocaine charged (in all three Superseding Indictments) subjects Beal to a different maximum sentence than the amount of fentanyl charged in the Third Superseding Indictment. *Id.* This argument is without merit because the amount of methamphetamine charged in all three Superseding Indictments subjects Beal to the same statutory maximum sentence as the fentanyl charged in Third Superseding Indictment. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). In other words, the Third Superseding Indictment did not change Beal's statutory sentencing exposure.

4

December 10, 2014) and Beal's conduct (allegedly retrieving and transporting those packages of narcotics on the same day) have not changed through the various indictments, this argument fails.

The two cases Beal cites to support his argument do not compel a different result. In *Liu*, the Ninth Circuit held that a superseding indictment impermissibly amended the original indictment by adding a copyright infringement allegation regarding a film, while the prior indictment contained *no* counts related to a film. 731 F.3d at 997. The Circuit explained that the superseding indictment had impermissibly broadened the charges against Liu because the film charge was related to a "distinct transaction from the ones at issue in the original indictment." *Id.* at 998. In other words, Liu was not on notice that he would have to answer for *that* transaction. Here, Beal was clearly on notice that the narcotics discovered in the black backpack in his taxi on December 10, 2014 would be the basis for his prosecution. That was true of the First and Second Superseding Indictments, just as it is now with respect to the Third Superseding Indictment. Therefore, he was clearly on notice of the transaction and conduct for which the Government now seeks to hold him accountable. *See Liu*, 731 F.3d at 996-97.

The other case Beal relies on—*United States v. Garcia*, 268 F.3d 407 (6th Cir. 2001), *overruled on other grounds by United States v. Leachman*, 309 F.3d

377 (6th Cir. 2002)—is even less helpful to him.[3] In *Garcia*, the Sixth Circuit held that the addition of drug quantities in a superseding indictment and facts relating to the defendants' prior felony convictions did not materially broaden a previous indictment because the defendants were put on notice outside the indictment concerning the precise conduct, including the drug quantities, for which the government sought to hold them accountable. *Id.* at 414–16. How the Sixth Circuit's decision to uphold a superseding indictment, which made much more substantial changes than the mere addition of the word "fentanyl" here, supports dismissal is lost on the Court.

Ultimately, Beal's argument that "Count I of the Third Superseding Indictment relies on different evidence—fentanyl—as a basis to convict," Dkt. No. 441 at 4, is unavailing because no material evidence is new to Beal. The evidence—*i.e.*, the two packages of narcotics recovered from the black backpack found in Beal's taxi outside of the airport in Dayton, Ohio on December 10, 2014—was and remains the principal drug "evidence" against Beal for which the Government seeks to hold Beal accountable. To the extent new "evidence" exists, that evidence, as the Court understands it, is limited to laboratory reports

---

[3]The passage Beal quotes from this case, *see* Dkt. No. 418 at 5–6, is not part of the Circuit's holding or reasoning. Rather, it comes from a summary of *Garcia*'s procedural background. It appears the district court had previously dismissed an earlier superseding indictment. *Garcia*, 268 F.3d at 410. That dismissal was not appealed by the Government and was therefore not before the Circuit. *Id.* The superseding indictment that was before the Sixth Circuit was, in fact, upheld because it did not impermissibly broaden the charges of its predecessor. *Id.* at 414–16.

6

documenting the contents of the black backpack as fentanyl and not cocaine, as originally suspected. *See* Dkt. No. 413-4 (copy of lab report). Mere identification of the specific narcotics at issue does not even come close to materially changing the Government's case against Beal, nor has it materially altered the preparation of Beal's defense. Accordingly, the Court finds that the Third Superseding Indictment does not impermissibly broaden or substantially amend the charges against Beal.

## **CONCLUSION**

Beal's Motion for Leave to file his Third Motion to Dismiss, Dkt. No. 418, is GRANTED. Beal's Third Motion to Dismiss, Dkt. No. 413, having now been fully considered by this Court, is DENIED for the reasons set forth herein.

IT IS SO ORDERED.

Dated: June 22, 2021 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

*United States v. Robert Darnell Beal*, Crim. No. 18-00070-DKW-12; **ORDER DENYING DEFENDANT'S THIRD MOTION TO DISMISS (Dkt. No. 413)**

7