IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00070-DKW-KJM-12 |
| Plaintiff, | **ORDER FINDING THAT DEFENDANT HAS BEEN CONVICTED OF A PRIOR SERIOUS DRUG FELONY** |
| vs. | |
| ROBERT DARNELL BEAL, | |
| Defendant. | |

On June 25, 2021, a jury convicted Defendant Robert Beal of conspiracy to distribute 400 grams or more of fentanyl, an offense for which there is an increased minimum sentence if Beal has been previously convicted of a "serious drug felony." *See* 21 U.S.C. §§ 841(a)–(b), 846. Beal's submissions evidence no substantive opposition to the prospective enhancement, contributing to the Court's determination herein that Beal's 2004 conviction in New Mexico federal district court for cocaine trafficking under 21 U.S.C. Section 841(b)(1)(A) meets the definition of a "serious drug felony." Moreover, to the extent Beal had a right to a jury determination of this issue, he waived that right at trial, paving the way for the Court's decision below.

1

## **LEGAL STANDARD**

Section 841(b)(1)(A) of Title 21 of the United States Code describes the

penalties for various drug-related crimes, including conspiring to distribute 400

grams or more of fentanyl.  That statute states, in relevant part:

> [A]ny person who violates . . .
>
> (1)(A) . . . subsection (a)[1] of this section involving-- . . .
>
> (vi) 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide [also known as fentanyl] . . .
>
> shall be sentenced to a term of imprisonment which may not be less than [ten] years or more than life . . . .  If any person commits such a violation after a prior conviction for a serious drug felony . . . , such person shall be sentenced to a term of imprisonment of not less than [fifteen] years and not more than life . . . .[2]

Thus, there is an increased mandatory minimum sentence if a defendant who is

convicted of this offense also has a prior serious drug felony conviction.

A serious drug felony includes a prior offense (1) which violated the

Controlled Substances Act, 21 U.S.C. § 801 *et seq.*; (2) which was punishable by a

maximum term of imprisonment of at least ten years; (3) for which the defendant

actually served a term of imprisonment of more than twelve months; and (4) whose

---

[1]Subsection (a) states, in relevant part, "[I]t shall be unlawful for any person knowingly or intentionally-- (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." 21 U.S.C. § 841(a).

[2]The penalties for violating this Section and conspiring to violate it are the same.  21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this title shall be subject to the same penalties as those prescribed for the offense . . . .").

term of imprisonment ended within fifteen years of commencement of the instant offense.  21 U.S.C. § 802(57); 18 U.S.C. § 924(e)(2).

The Government has the burden of proving the prior serious drug felony conviction beyond a reasonable doubt.  21 U.S.C. § 851(c)(1).

## RELEVANT BACKGROUND

I.     **Beal was convicted of a prior Controlled Substances Act offense in 2004.**

On August 16, 2004, before the United States District Court for the District of New Mexico, Beal pled guilty to possession with the intent to distribute more than fifty grams of cocaine base and to a related firearms offense.  *United States v. Robert Darnell Beal*, Cr. No. 02-00557-005-WJ; 21 U.S.C. § 841(b)(1)(A)(iii); Dkt. No. 511-2.[3]  He was sentenced to a term of imprisonment of eighteen months for the drug violation and three and a half months for the firearms violation, with the terms to run consecutively for a total of twenty-one and a half months.  Dkt. No. 511-2 at 2.  Beal was in continuous custody from his arrest on October 28, 2002 until his release on August 16, 2004, for a total of 658 days.[4]  Dkt. No. 511-3 at 5.

---

[3]The firearms offense was for the use and carrying of firearms during and in relation to, and possession of firearms in furtherance of, drug trafficking crimes.  18 U.S.C. § 924(c)(1)(A)(i)–(B)(i); Dkt. No. 511-2.

[4]Beal was also sentenced to a five-year term of supervised release.  Dkt. No. 511-2 at 3.  On December 1, 2008, his supervised release was revoked, resulting in his subsequent service of another thirty-nine months in custody.  Dkt. No. 511-4.

## II.   Beal was convicted of the instant Controlled Substances Act offense in June 2021.

On November 18, 2020, in Count One of the Third Superseding Indictment (the "Indictment"), the Government charged Beal with conspiring to distribute and to possess with the intent to distribute 400 grams or more of fentanyl ("Count One").  Dkt. No. 234 at 2–3; 21 U.S.C. §§ 841(a)–(b), 846.  The Government also alleged that Beal had been convicted of a prior serious drug felony.  *Id.* at 6–7; *see also* 12/2/20 Special Information as to Prior Drug Conviction of Defendant, Dkt. No. 266 at 1–2 (alleging the 2004 drug conviction described above).

On June 25, 2021, following a five-day trial, a jury found Beal guilty of Count One, specifically determining that his offense involved 400 grams or more of fentanyl.  Dkt. No. 466.

## III.   At his 2021 trial for the instant offense, after being offered a choice, Beal opted to have this Court—rather than the jury that convicted him—determine whether his 2004 drug conviction constituted a prior serious drug felony.

During Beal's trial on Count One, the Court began preparing for a possible Phase II.  If the jury found Beal guilty in Phase I, the jury would then be advised of the need to re-convene in a Phase II to determine whether Beal had been previously convicted of a serious drug felony for purposes of sentencing.  The Court, following the parties' stipulation to the fact of Beal's prior Section 841

conviction in the United States District Court for the District of New Mexico,

Criminal No. 02-00557-WJ, proposed the following Phase II Verdict Form:

> **QUESTION 1.**  As to his prior conviction in the United States District Court for the District of New Mexico, Criminal No. 02-00557-WJ, did Defendant Robert Darnell Beal serve a term of imprisonment of more than twelve months?

> _____ **YES**            _____ **NO**

> **QUESTION 2.**  As to his prior conviction in the United States District Court for the District of New Mexico, Criminal No. 02-00557-WJ, was Defendant Robert Darnell Beal released from his term of imprisonment within fifteen years of December 10, 2014, the date of the crime charged in the Third Superseding Indictment in this case?

> **_____ YES**            _____ **NO**

*See* Dkt. No. 461.

But before finalizing this Verdict Form and presenting the Phase II issues to

the jury, the Court offered Beal an option to waive jury determination of Phase II

in favor of a judicial determination:

> The Court:  With regard to phase two, now that the jury is no longer here, I have a proposal . . . that I'd like you to consider; and that is, whether in particular the defense will waive presenting the two questions posed in phase two. . . to the jury in favor of allowing the Court to decide those issues?

> If so, then we don't need to get into—I'm not suggesting that you must, obviously.  It's totally your call.  If you do waive it, though, then we don't need to go through phase two jury instructions or verdict form.

> The Government has already indicated their approval of those, by the way, but [the defense and I] haven't had that discussion, and it would obviate the need for that discussion.

If you do not so waive, then obviously we'll go through and finalize these documents in the event they become relevant once we have the jury's verdict on phase one.

If you need time to consult and talk, that's fine with me.

Defense Counsel:  No, I got—I haven't had a chance to talk to Mr. Beal about this.

The Court:  Are you going to let me in on your discussions?

Defense Counsel:  I'll talk to him now if I can.  I pulled the *Fields* case and I have the proposed instructions, but I have not had a chance to speak to him about this yet.

The Court:  Okay.  So that's what I was asking.  Absolutely you should be afforded that opportunity, and I extend that.  So that's the first threshold issue because if Mr. Beal does consent, then going through the . . . precise language of [the verdict form and jury instructions] won't be necessary.

So I'll give you some time.  We can all maybe take a brief break to do that anyway, have some lunch in the interim.  So when you're ready to have that discussion back in court, I think the jury is going to be occupied for at least a little bit to allow us time to flesh this out.

6/25/21 Trial Tr. at 108:21–110:13, Dkt. No. 501.[5]

After a lunch break, the Court continued its discussions with counsel

concerning a possible Phase II jury waiver:

The Court:  We are back in court with counsel and the defendant and without the jury.

---

[5]This and the following colloquy took place while the jury was deliberating on Phase I, the guilt phase.  *See* 6/25/21 Trial Tr. at 106:4.

Mr. Isaacson, have you had a chance to consider the Court's question with respect to waiver regarding the facts necessary in phase two?

Defense Counsel: In speaking to Mr. Beal, he indicates he is not going to contest the fact that . . . his prior offense was punishable [by] . . . imprisonment for more than one year and that the release from any term of imprisonment was within fifteen years of the alleged offense in this case.

The Court: He does not intend to contest either one?

Defense Counsel: He is not going to contest those facts.

*Id.* at 110:23–111:12.

Rather than immediately accept Beal's stipulation to the facts necessary to the "serious drug felony" determination, the Court opted to explain further. The Court first described the federal district court split on whether Beal even had the right to a jury finding of the facts underlying a "serious drug felony" determination.[6] The Court also stated its continued inclination to submit the Phase

---

[6]*Compare United States v. Fields*, 435 F. Supp. 3d 761, 765 (E.D. Ky. 2020) (holding that a *jury* must find a "serious drug felony" because *Apprendi* requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt") *with United States v. Lee*, 2021 WL 640028 at 6 (E.D.N.C. Feb. 18, 2021) (holding the opposite because the "fact of a prior conviction" has always "include[d] antecedent findings and issues" such as the relevant definitional components of that conviction).

The Court had also discussed this district court split with the parties during Day Four of trial. *See* 6/24/21 Trial Tr. at 12:15–14:7, 162:2–165:21, 190:15–192:16, Dkt. No. 500. During that discussion, the Court stated its view that the more "conservative approach" would be to put the question of the serious drug felony determination to the jury before its dismissal. *Id.* at 190:17. In doing so, the Court specifically identified the *Fields* case and encouraged the parties to review that decision overnight in preparation for finalizing the Phase II jury instructions and verdict form on Day Five. *Id.* at 190:24–192:1.

II issues to the jury, and then again offered Beal the option to waive any jury right that he might have and opt instead for a judicial determination. *Id.* at 111:18–113:6. After further conferring with Beal, defense counsel withdrew Beal's earlier stipulation, thereby re-opening the Phase II questions, and then electing to have those questions decided by the Court:

> Defense Counsel:  Your Honor, I've talked to Mr. Beal.  I think if we could do this, we'll let you decide, Judge, instead of the jury.
>
> The Court:  All right.  Good enough.  Rather than stipulate to that the facts are true, you would rather have me decide it.
>
> Defense Counsel:  Does that sound right, Mr. Beal?
>
> Defendant:  Yes, sir.

*Id.* at 113:9–16.

The Court then addressed Beal directly, and Beal confirmed his counsel's representations:

> The Court: [T]his is a question that I think is, without more guidance from the circuit courts, something that the jury would ordinarily be presented with at the appropriate time if there was a conviction.
>
> We proposed the precise language relating to [the serious drug felony] in docket 461[, the Court Proposed Verdict Form for Phase II].
>
> I believe, though, that a defendant has the right to waive presenting these questions to a jury and instead hav[e] the Court decide whether these facts are established by the record or the evidence at the appropriate time.
>
> [The Court then read the two questions from the Court Proposed Verdict Form aloud.]

It is my understanding that Mr. Beal is prepared to waive any argument or assertion that the jury should hear these two particular questions, and in lieu of the jury doing so, he is prepared to have the Court instead decide whether or not those questions are answered by—in the affirmative or in the negative.

Mr. Beal, do you understand these questions and these rights?

Defendant:  I do understand, Your Honor, and I waive my rights.

The Court:  So you are prepared to have me, the Court, decide these two questions?

Defendant: Yes, sir.

*Id.* at 114:7–115:14.

Then the Court confirmed the Government's acquiescence:

The Court: Are you satisfied, Mr. Muehleck?

The Government: Your Honor, . . . I think that's good enough. Thank you. . . .

[The Court again discussed the relevant district court split and the absence of an opportunity thus far for the Ninth Circuit to provide definitive guidance.]

The Court:  So in the absence of that guidance, I thought that the questions ought to go to the jury.  Mr. Beal has indicated he's willing to waive that right and have me decide it.  That's fine with me.  I accept that responsibility.

*Id.* at 115:17–116:18.

## IV.   Post-trial briefing.

After trial, the Court directed the parties to submit briefing on the serious drug felony issue, and they did so.  Dkt. Nos. 506, 511, 512, 515.[7]  In its brief, the Government argues that Beal's 2004 federal drug conviction in New Mexico meets Section 841's definition of a serious drug felony.  Dkt. No. 511.  In response, Beal does not dispute the fact of his 2004 conviction, nor even that it meets the definition of a prior serious drug felony.  *See generally* Dkt. No. 515.  Instead, he argues that he had a right to a jury determination of the issues,[8] and that his waiver of that right was invalid because he did not understand the consequences of a finding of the prior conviction at the time of waiver:

> ¶ 6. [W]hen I agreed to waive a jury determination of the answers to these two questions, the Court did not warn me of the consequences if the Court determined the answers to these two questions were both yes.  The Court did not warn me my mandatory minimum sentence would be increased by five years in prison, from ten years to fifteen years, if the Court answered these questions in the affirmative.

> ¶ 7. No one explained to me that if the answer to these questions was yes, it meant a huge increase in my mandatory minimum sentence from ten to fifteen years in prison.

---

[7] Defendant filed a "Brief Regarding Serious Drug Felony Prior," on September 16, 2021.  Dkt. No. 512.  Less than a week later, on September 22, 2021, and after the briefing deadlines had passed (*see* Dkt. No. 506), Defendant filed an "Amended Brief Regarding Serious Drug Felony Prior," adding new arguments.  This Order considers the arguments made in both briefs.  Since the amended brief contains the same language as the original brief but with additional arguments, this Order will cite only to Dkt. No. 515 from here forward.

[8] Why the identity of the factfinder matters in light of the absence of any substantive defense is not clear.

¶ 8. I understood the answer to these questions would mean I had a prior felony conviction which would increase my Criminal History Category under the United States Sentencing Guidelines.

¶ 9. If I had known I would be facing a five-year increase in my mandatory minimum sentence . . . I would not have waived my right to have a jury make the determination.

¶ 10. There was no benefit to me to waive my right to have a jury determine [this issue].

Dkt. No. 515-2 at 2–3.

In the alternative, Beal argues that he did waive his right to a jury determination of the serious drug felony issue, but not his right to a jury's finding of the date of the instant offense, which is relevant to whether the prior conviction meets the definition of a serious drug felony. *See* Dkt. No. 515 at 3, 10.

## DISCUSSION

This Court has been entrusted with the decision to determine whether Beal has a prior serious drug felony conviction. It has been entrusted with that decision by none other than Beal. That is because, to the extent he had a right to a jury determination of the issues, Beal, despite his current protestations, knowingly waived that right at trial.

Fulfilling its responsibilities, the Court now finds beyond a reasonable doubt that Beal had been convicted of a serious drug felony, prior to his conviction for the instant offense, within the meaning of Section 841(b). Accordingly, the sentencing enhancements described in Section 841(b) are applicable.

11

I.      **The Court may find whether Beal has a prior serious drug felony conviction because he waived any right to a jury finding on the issue.**

Beal principally asserts that he has a right to have a jury decide whether he has a prior serious drug felony conviction.  *See* Dkt. No. 515.  There is recent disagreement among district courts as to whether this is true.[9]  There is, nonetheless, no reason to wade into this disagreement because, to the extent that such a right exists, Beal waived it.

Regarding waiver, Beal makes two arguments.  *First*, he argues his waiver was invalid because he did not understand the sentencing consequences of the prior serious drug felony determination.  Dkt. No. 515 at 6.  *Second*, alternatively, he argues that even if he waived his jury right as to whether he had a prior serious drug felony, he did not do so with regard to determining the date of the instant offense—a fact which bears on whether his prior conviction meets the definition of a serious drug felony.  *Id.* at 3, 10.  Neither of these arguments has merit.

A.     **Beal's waiver was valid.**

"[N]othing prevents a defendant from waiving his *Apprendi* rights." *Blakely v. Washington*, 542 U.S. 296, 310 (2004).  For such a waiver to be valid, certain requirements must be met: 1) the Government must consent; 2) the Court must approve; and 3) the waiver must be knowing, voluntary, and intelligent.  *United*

---

[9]*See supra*, footnote 6.

*States v. Duarte-Higareda*, 113 F.3d 1000, 1002 (9th Circ. 1997); Fed. R. Crim. P. 23(a)(1).  Although Beal claims any such jury waiver must be "in writing," the Ninth Circuit has held that if the waiver is knowing and intelligent and "the record clearly reflects that the defendant 'personally gave express consent in open court,'" the writing requirement does not apply.  *United States v. Saadya*, 750 F.2d 1419, 1420 (9th Cir. 1985) (quoting *United States v. Reyes*, 603 F.2d 69, 71 (9th Cir. 1979)); Fed. R. Crim. P. 23(a)(1).  "[E]ngaging in a substantial colloquy" with a defendant can be significant in determining whether a waiver is knowing and intelligent.  *United States v. Shorty*, 741 F.3d 961, 966 (9th Cir. 2013).  But there are no magic words.  *See Duarte-Higareda*, 113 F.3d. at 1003 ("We have declined . . . to impose an absolute requirement of such a colloquy in every case.").

The trial record in this case amply demonstrates Beal's valid waiver.  *First*, the Government consented.  6/25/21 Trial Tr. at 115:17 (The Government on Beal's waiver: ". . . that's good enough.").  *Second*, the Court approved.  *Id.* at 116:16–18 (The Court: "Mr. Beal has indicated he's willing to waive that right and have me decide it.  That's fine with me.  I accept that responsibility.").

And *third*, Beal's waiver was knowing, voluntary, and intelligent, despite his current claim otherwise.  Beal complains that "[t]he Court did not engage in the substantial colloquy the Ninth Circuit has implored district courts to engage in with [him]" to ensure his waiver was knowing and intelligent.  Dkt. No. 515 at 6.  Quite

the opposite.  *See* 6/25/21 Trial Tr. at 108:21–116:18.  In a detailed colloquy spanning eight transcript pages, the Court explained the issues multiple times and engaged with Beal directly.[10]  *See id.*  Even after Beal conceded the issues altogether and was prepared to simply stipulate to the determination that his 2004 conviction constituted a Section 841 serious drug felony, *see* 6/25/21 Trial Tr. at 110:23–111:12, the Court opted to discuss the matter further, resulting in Beal's expression of a clear preference for a judicial determination:

> Defense Counsel: Your Honor, I've talked to Mr. Beal.  I think . . . we'll let you decide, Judge, instead of the jury.
>
> The Court: All right.  Good enough.  Rather than stipulate to that the facts are true, you would rather have me decide it.
>
> Defense Counsel: Does that sound right, Mr. Beal?
>
> The Defendant: Yes, sir.

*Id.* at 113:9–16.

Beal also claims his waiver was not knowing and intelligent because "[t]he Court did not inform [him] of the four factors set forth by the Ninth Circuit."  Dkt. No. 515 at 6; *see United States v. Shorty*, 741 F.3d 961, 966 (9th Cir. 2013).[11]

---

[10]This waiver colloquy was *in addition to* prior discussions with Beal's counsel, in Beal's presence, about Beal's potential jury right on the Phase II issue.  *See* 6/24/21 Trial Tr. at 12:15–14:7, 162:2–165:21, 190:15–192:16.

[11]The four factors being "(1) twelve members of the community compose a jury; (2) the defendant may take part in jury selection; (3) jury verdicts must be unanimous; and (4) the court alone decides guilt or innocence if the defendant waives a jury trial."  *Shorty*, 741 F.3d at 966.

That contention is absurd.[12]  Given that Beal was in the middle of a five-day jury trial on the issue of his guilt, he was already abundantly familiar with the first three factors—that twelve members of the community compose a jury, that a defendant may take part in jury selection, and that jury verdicts must be unanimous.  *See Shorty*, 741 F.3d at 966; 6/21/21 Jury Selection Tr. at 60:1, Dkt. No. 497 (stating in Beal's presence that a verdict must be unanimous).  And the Court explained the fourth factor—that the Court alone decides guilt or innocence if the defendant waives the jury right—during its colloquy with Beal:

> The Court: It is my understanding that Mr. Beal is prepared to waive any argument or assertion that the jury should hear these two particular questions, and in lieu of the jury doing so, he is prepared to have the Court instead decide whether or not those questions are answered by— in the affirmative or in the negative.  Mr. Beal, do you understand these questions and these rights?
>
> The Defendant: I do understand, Your Honor, and I waive my rights.
>
> The Court: So you are prepared to have me, the Court, decide these two questions?
>
> The Defendant: Yes, sir.

6/25/21 Trial Tr. at 115:2–14.

Finally, Beal argues his waiver was not knowing and intelligent because he did not understand the sentencing consequences of the prior serious drug felony

---

[12]The Ninth Circuit has specifically declined to require a rote recitation of the factors.  *See Duarte-Higareda*, 113 F.3d at 1103.

determination. *See* Dkt. No. 515-2, ¶¶ 6–10. This contention likewise merits little discussion. First, the Government had put Beal on notice of the sentencing consequences of his prior conviction at least twice. *See* Dkt. No. 234, Indictment at 5–6 ("As a result of that conviction, the defendant is subject to increased punishment under Title 21, United States Code, Section 841(b)."); Dkt. No. 266, 12/2/20 Special Information at 1–2 (similar). Second, Beal had, and took, numerous opportunities, including a lunch break, to discuss with his counsel this specific issue and what it would mean for him. *See, e.g.*, 6/25/21 Trial Tr. at 110:9–22, 113:7–9.

Third, even if Beal did *not* understand the exact sentencing consequences of his decision, that fact would not mean his waiver was not knowing and intelligent, as he appears to assume. A knowing and intelligent waiver requires that the defendant understand the nature and consequences of a jury trial, not the sentencing consequences of a particular finding. *See Shorty*, 741 F.3d at 966 (stating the "four crucial facts" Defendant needs to understand, which involve the nature and consequences of a jury trial, not the consequences of an unfavorable finding); *United States v. Cochran*, 770 F.2d 850, 853 (9th Cir. 1985) (explaining that a knowing waiver requires that a defendant understand "the basic mechanics of a jury trial"); *United States v. Reyes*, 603 F.2d 69, 72 (9th Cir. 1979) ("We do not intimate that a trial judge must explain to the defendant the strategic

ramifications of the decision whether to [waive a jury right].  Rather, his role

should be to determine that the defendant knowingly and intelligently consents to

the [waiver].").  In one recent case, a defendant's jury waiver was deemed not

knowing because neither his right to a jury trial nor the fact that he was waiving

that right was ever explained to him.  *Murray v. Howell*, 2020 WL 7672178 at 32–

34 (D. Nev. 2020) (partially granting *habeas corpus* petition on invalid jury trial

waiver grounds).  Nothing could be further from the truth here.[13]

> **B.    Beal's waiver of a jury determination as to the existence of a prior serious drug felony conviction encompassed waiver as to the prerequisite facts, including the date of the instant offense.**

In a last-ditch effort, Beal argues that even if he did "waive[] his right to

have a jury determine whether he had a serious drug felony," he "has not, and will

not, waive his right to have his trial jury determine the date the [instant] offense

commenced."  Dkt. No. 515 at 3, 10.  These two statements are at odds.  The date

---

[13]Beal now laments that "[t]here was no benefit" to his waiver.  Dkt. No. 515-2, ¶ 10.  He says, "If I had known I would be facing a five-year increase in my mandatory minimum sentence if the answer to these questions was yes, I would not have waived my right to have a jury make the determination."  *Id.* at ¶ 9.  Aside from its irrelevance, this eleventh-hour complaint is not convincing.  There are any number of benefits Beal may have hoped to reap by electing for the Court to decide the issue rather than the jury.  Perhaps he hoped the Court would be more lenient than the jury he had just spent five days observing.  Perhaps he hoped there was a technical loophole that the Court would be more likely to find than the jury.  More likely though, he simply knew there was no debate on the issue (demonstrated, in part, by his initial decision to simply stipulate) and prolonging his appearance before the jury was the less attractive option.  As explained below, Beal undoubtedly has a prior serious drug felony conviction.  He does not even dispute as much.  When given the choice, Beal elected for the Court to decide the issue, rather than the already-empaneled jury, which was then deliberating on his guilt.  He may not now delay by requesting a new jury to make the same determination that he asked the Court to make.

of commencement of the instant offense is part of the serious drug felony determination which Beal opted for the Court to decide.  *See* 21 U.S.C. § 802(57). As the Court explained, "[I]f there is a fact that the jury must find in relation to the serious drug felony, it would need to be done in a phase two."  6/24/21 Trial Tr. at 165:19–21.  As the Court further explained, a waiver as to Phase II would "obviate the need" to finalize the verdict form and related jury instructions, including whether the date of the instant offense had been established, because the Court would be left to make the relevant findings.  6/25/21 Trial Tr. at 109:15.  Thus, when Beal waived his jury right as to the serious drug felony question, he did so as to the prerequisite facts too.  That factfinding is now this Court's responsibility.

## II.     The Court finds beyond a reasonable doubt that Beal has a prior serious drug felony conviction.

Ultimately, neither party disputes that Beal's 2004 Controlled Substances Act conviction in New Mexico federal district court qualifies as a serious drug felony.  *See* Dkt. No. 511, 515.  To qualify, 1) Beal's prior offense must have resulted in a term of imprisonment of more than twelve months; 2) his release from that imprisonment must have occurred within fifteen years of commencement of the instant offense; 3) the prior offense must be covered by one of the laws described in Section 924(e); and 4) the prior offense must carry a maximum penalty of at least ten years' imprisonment.  21 U.S.C. § 802(57); 18 U.S.C. § 924(e)(2).  Beal's 2004 conviction meets all four requirements.

18

*First*, Beal's prior conviction resulted in a term of imprisonment of more than twelve months.  On August 16, 2004, the United States District Court for the District of New Mexico sentenced Beal to a term of eighteen months or time served, whichever was less, for his drug offense.  Dkt. No. 511-2.  By then, he had been in continuous custody since October 28, 2002, which means he had served a total of 658 days—more than twelve months.  *See* Dkt. No. 511-3 at 5.

*Second*, Beal's release from that imprisonment occurred within fifteen years of the commencement of the instant offense.  He was released on August 16, 2004. *Id.*  Thus, in order to meet the fifteen-year cut-off, the instant offense must have commenced before August 16, 2019.  The evidence shows that Beal's involvement in the instant offense took place on or around a single day—December 10, 2014— when he flew to Dayton, Ohio to pick up a drug shipment arranged by others.  *See, e.g.*, 6/23/21 Trial Tr. at 5:7–18, 7:3–12, 9:16–23, 11:20–12:3, 14:17–23, 16:19– 25, 18:1–8, 20:4–7, 21:4–11, 22:23–25, 26:10–18, 30:24–31:14, Dkt. No. 499 (presenting credible evidence that Beal's offense happened on December 10, 2014); 6/24/21 Trial Tr. at 17:18 (same).  In other words, his involvement pre- dated the August 16, 2019 cut-off by years.  Beal presented no evidence—during

trial or in his post-trial brief—to cast doubt on that timing. *See generally* Dkt. Nos. 499, 500, 515. Thus, the second requirement is met.[14]

*Third*, Beal's prior offense, possession with the intent to distribute greater than fifty grams of cocaine base, was and is a violation of the Controlled Substances Act, one of the laws listed in Section 924(e)(2). *See* 21 U.S.C. § 801 *et seq.*, 21 U.S.C. § 841(b)(1)(A)(iii); 18 U.S.C. § 924(e)(2)(A)(i).

*Fourth*, Beal's prior offense carried a maximum penalty of life imprisonment, greater than the required ten years. *See* 21 U.S.C. § 841(b)(1)(A)(iii).

Since all four definitional components are met, the Court finds beyond a reasonable doubt that Beal has a prior serious drug felony conviction.

## CONCLUSION

For the reasons set forth herein, the Court finds that Defendant Robert Beal has been convicted of a prior serious drug felony and, therefore, pursuant to Section 841(b), he is subject to a "term of imprisonment of not less than fifteen years and not more than life imprisonment" on his conviction for the instant offense.

---

[14]The most conservative possible date of commencement is still before August 16, 2019. Beal was indicted and a warrant was issued for his arrest in this case on July 2, 2019. Dkt. Nos. 4, 17. Clearly, his conduct causing his arrest must have occurred prior to July 2, 2019, still within fifteen years of his prior release.

IT IS SO ORDERED.

DATED: October 4, 2021 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge